IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR THE SALUDA GRADE ALTERNATIVE TITLE TRUST 2021-MF1, <br><br> Plaintiff, <br><br> v. <br><br> SABINE PORTFOLIO, LLC, and ABRAHAM WIEDER, <br><br> Defendants. | § § § § § § § § § § § § § § § | Civil Action No. 1:23-cv-339 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Wilmington Savings Fund Society, FSB, as Trustee for the Saluda Grade Alternative Title Trust 2021-MF1 ("Plaintiff"), files this *Original Complaint* against Sabine Portfolio, LLC, and Abraham Wieder, and respectfully shows the Court:

**A.  Parties**

1.  Plaintiff is the owner and holder of the note and related guaranty made the subject of this proceeding.

2.  Defendant Sabine Portfolio, LLC, is a borrower under the subject loan agreement and may be served with process through its registered agent: Alethia Mcdate, 111 West Pine Avenue, Orange, TX 77630. Summons is requested.

3.  Defendant Abraham Wieder is an individual and guarantor under the subject guaranty and may be served with process at 1358 53rd St, Brooklyn, NY 11219, or at such other place as he may be found. Summons is requested.

B.   **Diversity Jurisdiction and Venue**

4.   This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

5.   Plaintiff is a federal savings bank and a trustee of a mortgage-securitization trust. A trustee that possesses "customary powers to hold, manage, and dispose of assets," is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see BAC Home Loans Servicing, LP v. Tex. Realty Holdings, LLC*, 901 F. Supp. 2d 884, 907–09 (S.D. Tex. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S. Ct. 1012, 1016 (2016) (citing *Navarro*, 446 U.S. at 462–66). A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 436 (5th Cir. 2004). Wilmington Savings Fund Society, FSB's main office is in Delaware, making Plaintiff a citizen of Delaware for diversity jurisdiction.

5.   Defendant Sabine Portfolio, LLC, is a limited liability company whose citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Sabine Park APT, LLC, is the sole member of Sabine Portfolio, LLC. Sabine Park APT, LLC, is a New York liability company. The sole member of Sabine Park APT, LLC is Abraham Weider, who is an individual and citizen of the State of New York. Sabine Portfolio, LLC is, therefore, a citizen of New York for diversity purposes.

6. Defendant Abraham Wieder is an individual and a citizen of the State of New York.

7. This Court also has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to collect on a note and recover its attorney fees as further obligation on the debt as allowed by the loan agreement with Defendants. The payoff of the underlying Loan at issue in this suit and the underlying collateral greatly exceeds $75,000.00.

8. Venue is proper in the Eastern District of Texas, Beaumont Division because this suit concerns a contract executed in Orange County, Texas, which is secured by a lien on collateral located in Orange County, Texas.

**C.  Facts**

9. On or about February 9, 2022, Defendant Sabine Portfolio, LLC ("Borrower") and Pacific Private Money, Inc. as Lender entered into a *Loan and Security Agreement* (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**. In connection with the Loan Agreement, Borrower executed a certain *Promissory Note* (the "Note") in the principal amount of $13,741,727.50 in favor of Pacific Private Money, Inc. as Lender. A true and correct copy of the Note is attached hereto as **Exhibit B**.

10. Certain real property and improvements located at 111 W. Pine Ave., Orange, Texas 77630 and 605 1st St., Orange, Texas 77630, was pledged as collateral for the Note pursuant to a *Commercial Deed of Trust, Security Agreement, Fixture Filing and Assignment of Leases and Rents* and a *Pledge and Security Agreement*. A true and correct copy of the Pledge and Security Agreement is attached hereto as **Exhibit C**.

6. By executing the Note, Borrower agreed to make monthly installment payments of beginning on April 1, 2023 and continuing on the first day of each month thereafter until maturity.

Borrower further agreed to pay any remaining amount due under the loan on September 1, 2023. (the "Maturity Date").

7. Pursuant to the Loan Agreement, Borrower further agreed to keep and maintain accurate books, accounts and records and to allow Plaintiff access to those documents. *Exhibit A, ¶8.*. Borrower also agreed to comply with all applicable federal, state, county and municipal laws and to keep the Property in good repair. Borrower has failed in these obligations. Records have not been properly kept; Plaintiff has been denied access to them; the Property has suffered neglect and disrepair; and even some buildings have been the subject of demolition orders.

8. On or about February 9, 2022, Defendant Abraham Wieder ("Weider" and together with Borrower, "Defendants") executed a certain *Guaranty* (the "Guaranty") whereby he unconditionally and absolutely guaranteed the prompt payment of all funds advanced pursuant to the Note and full performance of the same. A true and correct copy of the Guaranty is attached hereto as **Exhibit D**.

9. Paragraph 2(b) of the Guaranty further provides for the recovery of costs and expenses, including reasonable attorney fees, for enforcement of the Guaranty.

10. The Note and related documents were assigned and transferred to Plaintiff. The Note was specially indorsed by Pacific Private Money, Inc. to Plaintiff, and Plaintiff is in physical possession of the original Note.

11. Borrower defaulted under the loan documents through non-payment of the Loan.

12. Further, an event of default occurs if "[a]ll or any part of the Collateral shall be attached or levied upon or seized in any legal proceeding, or held by virtue of any liens or distress, in any case for a period in excess of twenty (20) days."

13. On April 19, 2023, the City of Orange, Texas issued an Order for demolition of the collateralized property on May 19, 2023, constituting a default under the Note and Guaranty. A demolition order is attached hereto as **Exhibit E**.

14. Due to the Default, Plaintiff, as specifically permitted by the Note and Guaranty, accelerated the entire unpaid balance of the Defendants' obligation and declares the entire debt due.

15. Plaintiff is owed at least the sum of $12,792,348.66, plus ongoing interest, as of June 24, 2023. In addition to the amounts owed on the Loan, Plaintiff has incurred additional expense in being forced to respond to the City of Orange's demolition orders and to incur expenses to improve the Property to avoid, when possible, condemnation orders and to bring the Property into compliance with municipal requirements. Plaintiff has also been forced to retain the services of a property manager as Borrower has wholly failed to financially account for the rental payments or otherwise manage the Property as needed.

### D. Cause of Action – Suit on Note

16. The foregoing paragraphs are incorporated by reference for all purposes.

17. According to the terms of the Note executed by Borrower, Defendants are liable for timely payment of the Note in full. Defendants breached their obligation to tender full and timely payment to Plaintiff. Plaintiff thus seeks the full amount owed on the Note.

18. Plaintiff is owed at least the sum of $12,792,348.66, plus ongoing interest, as of June 24, 2023 under the Note.

### E. Cause of Action – Suit on Guaranty

19. The foregoing paragraphs are incorporated by reference for all purposes.

20.     A guaranty of payment is an obligation to pay the debt when due if the debtor does not. *Ford v. Darwin*, 767 S.W.2d 851, 854 (Tex. App.—Dallas 1989, writ denied). A guarantor's liability on a debt is normally measured by the principal's liability. *W. Bank-Downtown v. Carline*, 757 S.W.2d 111, 113 (Tex. App.—Houston [1st Dist.] 1988, writ denied).

21.     Plaintiff brings this suit to enforce Defendants' obligation to pay the Loan. Plaintiff seeks a personal money judgment against Defendant Abraham Wieder.

22.     The loan exists. Defendants Abraham Wieder executed the Guaranty and thereby promised to pay the amounts due under the Note in the event of a default. Plaintiff is the legal owner and holder of the Note. Because of an event of default, a certain amount is due and owing.

23.     Plaintiff is owed at least the sum of $12,792,348.66, plus ongoing interest, as of June 24, 2023 under the Guaranty.

**F.      Attorney Fees**

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     Because of Defendants' refusal to pay the amounts due under the Loan Agreement as promised through the Note and Guaranty, Plaintiff was forced to file this instant action and is entitled to recover reasonable attorney fees under the terms of the Note, the Guaranty, and Texas Civil Practices and Remedies Code Section 38.001(8).

**G.      Conditions Precedent**

26.     The foregoing paragraphs are incorporated by reference for all purposes.

27.     All conditions precedent have been met and occurred.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer and that, upon final hearing, and the Court enter judgment granting Plaintiff:

a. the amount owed on the Loan, including pre-judgment interest and post-judgment interest at the rate specified in the Note;

b. consequential damages;

c. attorney fees and costs of suit; and

d. all other relief, in law and in equity, to which Plaintiff is entitled.

                Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **MACKIE WOLF ZIENTZ & MANN, P.C.**
    14160 N. Dallas Parkway, Suite 900
    Dallas, Texas 75254
    (214) 635-2650
    (214) 635-2686 (Fax)

    **ATTORNEYS FOR PLAINTIFF**