IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR THE SALUDA GRADE ALTERNATIVE TITLE TRUST 2021-MF1, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | Civil Action No. 1:23-cv-00339-MJT |
| v. | | |
| SABINE PORTFOLIO, LLC, and ABRAHAM WIEDER, | | |
| Defendants. | | |

## PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT

Plaintiff Wilmington Savings Fund Society, FSB, as Trustee for the Saluda Grade Alternative Title Trust 2021-MF1 ("Wilmington" or "Plaintiff") files this, its *Third Motion for Default Judgment,* and respectfully shows as follows:

### I.   BACKGROUND

1. Plaintiff is Wilmington. Defendants are Sabine Portfolio LLC and Abraham Wieder (Defendants").

2. Plaintiff filed its Original Complaint ("Complaint") against Defendants on September 8, 2023. (ECF Document No. 1.)

3. Defendant Abraham Wieder was served with a copy of Plaintiff's Original Complaint by leaving a copy with Mrs. Wieder, a female resident over 18 years old, on October 3, 2023, at 1358 53rd Street, Brooklyn, New York 11219. (ECF Docket No. 4.)

4. Defendant Sabine Portfolio, LLC was served with a copy of Plaintiff's Original Complaint by email at avrum5201@gmail.com per the Court's *Order Granting Plaintiff's Motion*

*for Substituted Service on Defendant Sabine Portfolio, LLC* at ECF No. 7. (ECF Docket No. 9.)

5. On February 9, 2024, Plaintiff filed its First Amended Complaint. (ECF Document No. 12.)

6. On March 4, 2024, the Court entered Order Denying as Moot the Plaintiff's first Motion for Default Judgment, ordering that Plaintiff's serve Defendants with the Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 5(b)(2). (*See* ECF Document No. 14.)

7. Defendant Abraham Wieder was served with a copy of Plaintiff's First Amended Complaint by via certified mail, return receipt requested to 1358 53rd Street, Brooklyn, New York 11219 on February 9, 2024. (*See* ECF Document No. 12.) His answer or response to the First Amended Complaint was due on February 26, 2024. FED. R. CIV. P. 15(a)(3), 6(d). Defendant Abraham Wieder failed to serve an answer or other appearance in response to the First Amended Complaint.

8. On March 7, 2024, the Plaintiff served its First Amended Complaint upon Defendant Sabine Portfolio, LLC via certified mail return receipt requested and regular U.S. mail to: Sabine Portfolio, LLC, c/o Abraham Wieder, its Registered Agent, 1358 53rd St. , Brooklyn, NY 11219. (ECF Document No. 17.) Its answer or response to the First Amended Complaint was due on March 25, 2024. FED. R. CIV. P. 5(b)(2)(C), 15(a)(3), 6(d). Defendant Sabine Portfolio, LLC failed to serve an answer or other appearance in response to the First Amended Complaint.

9. Defendant Abraham Wieder is not on active-duty military status. *See* **Exhibit A-1.**

10. The Clerk entered default against Defendants on May 2, 2024. (ECF Document No. 21.)

11. Plaintiff is entitled default judgment as to both Defendants because they did not answer or otherwise defend the claims against them in this action.

## II.   LEGAL STANDARD

12. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. FED. R. CIV. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id; N.Y. Life Ins.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141. The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.   ARGUMENT AND AUTHORITIES

13. The Court should render a default judgment against Defendants because they did not file a responsive pleading or otherwise defend the claims against them. Such default constitutes an admission by Defendants on all allegations in the First Amended Complaint. The facts asserted in the First Amended Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the First Amended Complaint, Defendants have admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

14. Plaintiff is not seeking unliquidated damages and Plaintiff's claims are proved by instruments in writing; therefore, the presentation of evidence on damages prior to default judgment is not required. *See* FED. R. CIV. P. 55.

15. Plaintiff is owed at least the sum of $12,792,348.66, plus ongoing interest, as of June 24, 2023, under the Note and the Guaranty at the rates specified in the Note. In addition, Plaintiff is owed at least the sum of $481,800.00 for costs associated with maintaining the Property under the Note and the Guaranty since September 8, 2023.

16. Plaintiff requested reasonable and necessary attorney fees against Defendants pursuant to the terms of the Note and Guaranty. Plaintiff is further entitled attorney fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendants Sabine Portfolio, LLC and Abraham Wieder on all claims asserted against them in Plaintiff's First Amended Complaint and award Plaintiff the following relief:

a. the amount owed on the Loan, including pre-judgment interest and post-judgment interest at the rate specified in the Note and costs of $481,800.00 associated with maintaining the Property under the Note and the Guaranty since September 8, 2023;

b. judgment against Defendants for court costs;

c. judgment against Defendants for reasonable attorneys' fees in an amount to be determined by subsequent motion practice;

d. any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    The undersigned certifies that on May 6, 2024, a copy of the above and foregoing document was served on the following in the manner described below:

**VIA CMRR#9314 7699 0430 0120 7213 18 and U.S. Mail:**
Abraham Wieder
1358 53rd St.
Brooklyn, NY 11219
*Defendant*

**VIA CMRR#9314 7699 0430 0120 7213 70 and U.S. Mail:**
Sabine Portfolio, LLC
c/o Abraham Wieder, its Registered Agent
1358 53rd St.
Brooklyn, NY 11219
*Defendant*

    */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**