IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR THE SALUDA GRADE ALTERNATIVE TITLE TRUST 2021-MF1, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.  1:23-CV-339 |
| SABINE PORTFOLIO, LLC, and ABRAHAM WIEDER, | § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT**

Pursuant to 28 U.S.C. §636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Plaintiff's Amended Third Motion for Default Judgment (doc. #30) to the undersigned magistrate judge for consideration and disposition. (Doc. #23.)  After review, the undersigned recommends granting the motion.

**I.    Background**

On September 8, 2023, Plaintiff, Wilmington Savings Fund Society, FSB, as Trustee for the Saluda Grade Alternative Title Trust 2021-MF1, filed a complaint for suit on a note and guaranty.  (Doc. #1.)  Specifically, Plaintiff alleges that Defendant Sabine Portfolio, LLC signed a promissory note for a loan of over $13,000,000 and that Abraham Wieder signed a guaranty of said note, but that Defendants are in default.  (Doc. #1, ¶¶16-23.)  Attached to the complaint are copies of a loan and security agreement, promissory note, pledge and security agreement, and guaranty.  None of the relevant documents are signed.[1]  (Doc. #1.)  Plaintiff alleges diversity

---

[1] The relevant documents appended to Plaintiff's Amended Third Motion for Default Judgment are executed copies.

jurisdiction as Plaintiff is a citizen of Delaware and Defendant Sabine, as an LLC, is a citizen of its members who are all citizens of New York.

According to the complaint, the loan and security agreement and promissory note were secured by real property—111 W. Pine Ave., Orange, Texas and 605 1st Street, Orange, Texas. Plaintiff alleges that under the terms of the loan and security agreement, Defendant agreed to keep the real property in good repair and comply with all federal, state, and local laws.  Plaintiff further alleges that Defendant Sabine Portfolio defaulted through non-payment of the loan and that the City of Orange issued an order for demolition of the property on April 19, 2023.

Plaintiff seeks recovery from Defendant Sabine and Defendant guarantor Wieder in the sum of $12,792,348.66 as the unpaid balance of the promissory note, plus interest and additional sums for the monies expended by Plaintiff to improve the property, respond to the demolition order from the City of Orange, and bring the property into compliance with municipal laws.  Plaintiff also seeks attorney's fees.

Summonses were issued to Defendants Sabine Portfolio, LLC and Abraham Wieder on September 11, 2023.  (Doc. #3.)  On October 11, 2023, a return was filed with the court clerk, recording service on the wife of Defendant Wieder on October 3, 2023.  (Doc. #4.)  An answer was due from Defendant Wieder by October 24, 2023.

Thereafter, a motion for substituted service was filed by Plaintiff and granted by the court allowing for service on Defendant Sabine Portfolio by email.  (Docs. #6, #7.)  A return of service was filed on January 4, 2024 showing substituted service on Defendant Sabine Portfolio on December 28, 2023.  (Doc. #9.)  An answer was due from Defendant Sabine Portfolio by January 18, 2024.  Neither defendant filed an answer.

Plaintiff then filed a request for a Clerk's Entry of Default which was entered on February 6, 2024.  (Docs. #10, #11.)  Three days later, Plaintiff filed its First Amended Complaint.  (Doc. #12.)

On February 28, 2024, Plaintiff filed its first Motion for Default Judgment.  (Doc. #13.) The motion was denied as moot on March 4, 2024, as Plaintiff had not served its Amended Complaint on Defendants.  (Doc. #14.)  Thereafter, Plaintiff filed a notice indicating that it served the Amended Complaint on Defendants via certified mail.  (Doc. #17.)

Plaintiff filed its second Motion for Default Judgment on April 29, 2024.  (Doc. #18.)  In the motion, Plaintiff requested that both the Clerk enter default and that the court grant a motion for default judgment.  (*Id.*)  This motion was denied as a party may only request a default judgment from the court *after* the Clerk has entered default.  (Doc. # 19.)  After the denial of the second motion to dismiss, Plaintiff requested the Clerk's Entry of Default, which was entered on May 2, 2024.  (Doc. #21.)  Plaintiff then filed its Third Motion for Default Judgment, which was referred to the undersigned.  (Docs. #22, #23.)

At a hearing scheduled by the undersigned, Plaintiff was advised that the Third Motion for Default Judgment could not be granted in its current form because Plaintiff had not addressed the applicability of California law as set forth in the underlying documents and although Plaintiff claimed the damages were supported by the underlying documents, the undersigned concluded they were not.  The undersigned ordered Plaintiff to amend its motion to address the applicability of California law and to set forth a proper calculation of damages.  (Doc. #27.)  Thereafter, Plaintiff filed its Amended Third Motion for Default Judgment.  (Doc. #30.)  Plaintiff's Amended Third Motion for Default Judgment is now, and finally, ripe for review.

## II.    Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).  To obtain a default judgment from the court, the plaintiff must file an affidavit stating whether the defendant is in military service before the court can issue a default judgment.  50 U.S.C. §3931(b)(1).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766,767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)).  The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).  Rather, the court must determine: "(1) whether the entry of default is procedurally warranted, (2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and (3) what form of relief, if any, a plaintiff should receive." *Primerica Life Ins. Co. v. Basilio as Next Friend of UMB*, No. 4:22-CV-00541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023) (citing *Graham v. Coconut LLC*, No. 4:16-CV-00606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017)); *see also United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true.  *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

Regarding damages, however, it is the court's duty "to fix the amount which the plaintiff is 'lawfully entitled to recover and to give judgment accordingly."  *Oil States Int'l, Ltd. v. Richard*, No. 22-2437, 2022 WL 17968055, at *4 (E.D. La. Dec. 27, 2022) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  A plaintiff is not entitled to have its allegations regarding damages

4

accepted as true. *Shipco Gen., Inc.*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, damages are not awarded without a hearing or demonstration by detailed affidavits. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). If the damages or relief requested can be determined with mathematical calculation by referring to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

### III.    Discussion

#### A.    Procedural Standard

The court considers the six *Lindsey* factors to satisfy the procedural standard to warrant entry of a default judgment: (1) whether there are material fact issues; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether default was caused by a good faith mistake or excusable neglect; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Here, the *Lindsey* factors have been met in favor of default judgment. Defendants, after proper service, have not made an appearance. A court may enter a default judgment when a party has failed to plead or otherwise defend. FED. R. CIV. P. 55. The material facts meeting the procedural standards are established by the first declaration of Mark D. Cronenwett (doc. #22-1, Ex. A-1), showing service on Defendants and establishing that Defendant Wieder is not in the military. These facts are otherwise uncontested.

B.  Substantive Standard

Default judgment is also substantively warranted here.  Plaintiff has established by declaration and supporting documents the following facts:

On February 9, 2022, Sabine Portfolio entered into a loan agreement with a lender— Pacific Private Money Inc.  (Doc. #30-6, ¶4; Ex. A-1.)  Sabine Portfolio also executed a promissory note in the principal amount of $13,741,727.50 in favor of the lender.  (Doc. #30-6, ¶5; Ex. A-2).  Real property located at 111 W. Pine Ave., Orange, Texas and 605 1st St. Orange, Texas were pledged as collateral for the note.  (Doc. #30-6, ¶6; Ex. A-3.)  As part of the loan agreement, Sabine Portfolio agreed to make all the monthly loan payments beginning Apil 1, 2023 and keep the pledged property in good condition and in compliance with all federal, state, and local laws.  (Doc. #30-6, ¶7.)  In connection with the loan, Defendant Wieder executed a guaranty agreement, guaranteeing the payment of all loan funds and full performance of Sabine Portfolio's obligations under the loan agreement.  (Doc. #30-6, ¶8; Ex. A-4.)

The note, loan agreement, and guarantee were subsequently assigned by Pacific Private Money to Plaintiff Wilmington.  (Doc. #30-6, ¶9, Ex. A-5.)  Thereafter, Defendant Sabine Portfolio defaulted on its payments under the loan agreement and note.  (Doc. #30-6, ¶10.)

On April 19, 2023, the City of Orange issued a demolition order for the property at 605 1st Street.  (Doc. #30-6, ¶12, Ex. A-6.)  Said demolition order constituted a default under the note and guaranty.  (*Id*.)  As a result of the defaults Plaintiff accelerated the unpaid balance under the note and made demand on Defendants for the following sums:

| | |
|---|---|
| $11,741,727.50 | unpaid principal; |
| $  218, 904.94 | note interest; |
| $   136,986.81 | default interest; |
| $      225.00 | unpaid loan charges; |
| $     -383.08 | balance in suspense account. |
| $12,097,461.18 | Total outstanding balance under the loan. |

6

Plaintiff also set forth its damages resulting from Defendants' failure to abide by all the terms of the loan agreement, including keeping the property in good repair and providing proper insurance:

| | |
|---|---|
| $  361,704.84 | property preservation cost including utilities, trash service, law maintenance plumbing service repair service, inspection services and property management services; |
| $  200,000.00 | demolition costs charged by City of Orange to Plaintiff; |
| $  237,188.83 | overdue property taxes; |
| $  246,648.50 | lender placed insurance. |
| $1,045,542.17 | Total damages in connection with property. |

Plaintiff's allegations, undisputed by Defendants meet the legal elements of a cause of action for breach of note under California law.[2] *Berg v. Inv'rs Real Estate Loan Co*., 207 Cal. App. 2d 808, 815 (1962); *Maniar v. Capital Bank of Calif.*, No. C-89-2774-MHP, 1993 WL515880, at *8 (N.D. Cal. Dec. 6, 1993). Plaintiff has shown execution of the note and guaranty agreements, delivery of said document, ownership of the note, the amount of the indebtedness, and nonpayment.

C.  Proper Relief

Thus Plaintiff has shown that it is entitled to default judgment against Defendants Sabine Portfolio and Abraham Wieder in the following amounts; balance due under the Note, $12,097,461.18, which Plaintiff asserts includes interest owed (doc. #30-6, ¶13), and additional damages of $1,045,542.17.

Plaintiff requests an award of attorney's fees and court costs. Included with Plaintiff's Amended Third Motion for Default Judgment is an affidavit regarding attorney's fees together detailed bills. (Docs #30-2, #30-3, #30-4, #30-5.) Therefore, the court need not conduct a hearing to enter default judgment and determine the amount of damages. FED. R. CIV. P. 55(b)(2).

---

[2] The loan agreement states that California law controls. *See* doc. #30-7, ¶20.

7

Plaintiff's request for reasonable and necessary attorney's fees, though, must be reviewed by the court.

A prevailing party in a civil action may recover attorney's fees from an individual or a corporation in a claim for a written contract. WEST'S ANN. CAL. CIV. CODE §1717; *see also* FED. R. CIV. P. 54(d)(2). This remains true even in the default judgment context. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1488 (5th Cir. 1990) (upholding an award of attorney's fees granted as part of a default judgment).

The Fifth Circuit has described the basic procedure and standard for determining attorney's fees as a two-step process. First the court calculates the "lodestar," which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Rutherford v. Harris County*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). The court should exclude all time that is excessive, duplicative, or inadequately documented. Once the lodestar amount is calculated, the court can adjust it based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989) ; *see also Smith v. Acevedo*, 478 F. App'x 116, 124 (5th Cir. 2012) (quoting *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379-80 (5th Cir. 2020)). The *Johnson* factors are: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

### 1. *Lodestar*

Plaintiff's attorney, Mark D. Cronenwett, of Mackie, Wolf, Zientz & Mann, P.C.[3], is requesting $37,828.55 in attorney's fees on behalf of his client.  According to the billing records, the work includes hours expended by counsel and a paralegal for pre-suit research, drafting of pleadings, discovery and motions, legal research, correspondence, pre-trial preparation, and travel. Counsel billed his hourly rate at $300.00, and the paralegal billed at $125.00 per hour.  Other senior attorneys billed at $330.00 per hour, and some paralegals billed at $100.00.  After Counsel moved to Lewis Brisbois, he and other lawyers charged $400.00 per hour.

With respect to the hourly rates requested, the court finds that $300 to $400 per hour are reasonable and reflective of the rates in the community for similar work.  Based on this court's experience, $300 - 400 per hour are consistent, typical rates for this level and quality of work in the Eastern District of Texas.

Although Counsel's records do not total all the hours worked by each biller, they are totaled monthly.  (Docs. #30-4, #30-5.)  However, the amount sought in the declaration of counsel does not match the amount set forth in the detailed billing records.  While Mr. Cronenwatt asserts that the attorney's fees total $37,828.55, the undersigned calculates $44,081.50 in attorney's fees based on the billing invoices provided.  The undersigned considers this amount to be the Lodestar.  It appears that Counsel exercised billing judgment by reducing the amount sought in Counsel's declaration and the Amended Motion by $6,252.95 (or 15% of the total fees).  Counsel does not explain how he considered each factor to determine a 15% reduction.

---

[3] Counsel moved to the firm of Lewis Brisbois during the pendency of this litigation.

2. *Johnson Factors*

Before a final award of attorney's fees may be assessed, the court must evaluate the lodestar under, and in conjunction with, the twelve *Johnson* factors.  In applying the *Johnson* factors, the court need not consider a factor already included in the calculation of the "lodestar."  *See Graves v. Barnes*, 700 F.2d 220, 224 (5th Cir. 1983).  The court now applies each of the *Johnson* factors to the lodestar.

As to time and labor required, "the trial judge should weigh the hours claimed against his own knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*, 488 F.2d at 717.  As addressed *supra*, Counsel submitted detailed time records containing the date, activity, and number of hours he and other lawyers spent on each "billed" event. Additionally, Counsel was assisted on this case by paralegals.

In reviewing the motion and the billing records, the undersigned finds that various counsel have generally exercised reasonable judgment in billing their time.  There was, however, many multiple hours expended on three unsuccessful motions for default judgment.  This implicates the "results obtained factor," and the undersigned concludes that the attorney's fees should be adjusted downward for these unsuccessful motions.

Moreover, the undersigned finds some of the time submitted by the paralegals to be clerical in nature and therefore not recoverable.  *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). These include tasks such as arranging for service of process or drafting cover letters for filing. Such items are clerical or administrative tasks that are not recoverable.  The undersigned recommends adjusting the lodestar downward to account for unrecoverable amounts related to "results obtained" and "clerical work."  While counsel already reduced the requested amount by

10

15%, the undersigned recommends a reduction of 20% from the $44,081.50 proven by the attorney billing records.

The undersigned has considered all the other *Johnson* factors and finds that the application of each does not require either an upward or downward departure from the lodestar. Applying the 20% downward adjustment for "results obtained" and "clerical work", the undersigned recommends awarding $35,265.20 in attorney's fees.

### 3. *Costs*

Finally, Plaintiff is seeking an award of court costs. Plaintiff does not articulate the amount of court costs it seeks, but presumes it seeks the expenses set forth in the billing statements, which the undersigned calculates to be $2,683.40. The enumerated taxable costs recoverable under 28 U.S.C. §1920 are: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. §1920.

Of the costs set forth in Counsel's billing records, $402.00 is the cost of filing the complaint. This is recoverable under 28 U.S.C. §1920. The other costs are process service fees, travel costs, and fees for documents related to a foreclosure proceeding. These are not recoverable.

A district court may decline to award costs set forth in section 1920 but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Section 1920 says nothing about fees for private service of process, and the Fifth Circuit

has held that "costs for private process servers are not recoverable, absent exceptional circumstances." *Zastrow v. Hous. Auto M. Imports Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017). Plaintiff has not argued or shown exceptional circumstances here. The undersigned therefore recommends that Plaintiff is entitled to recover $402.00 in costs.

## IV.    Recommendation

For the foregoing reasons, the undersigned recommends **GRANTING** the Plaintiff's Amended Third Motion for Default Judgment (doc. #30) and entering Final Judgment as set forth above. Plaintiff's Third Motion for Default Judgment should be **DENIED** as moot.

## V.    Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C.

§ 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 21st day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE